## Case No. 17,785.

### In re WILSON et al.

[18 N. B. R. 300.] [1]

District Court, S. D. New York. Aug. 15, 1878.

BANKRUPTCY — COMPOSITION PROCEEDINGS — EXAMINATION OF BANKRUPT—SECURITY FOR COMPOSITION NOTES—TIME OF PAYMENT.

1. In composition proceedings, the debtor, though present, may, by a vote, of the creditors present, be excused from examination on account of illness.

2. The fact that security provided for a composition does not certainly secure the full payment of the composition, does not make the composition uncertain.

3. The circumstance that there is no security given for the payment of the composition notes is merely one of the facts in the case to be considered with, and in the light of, all the other facts on the question whether the composition is for the best interests of all concerned.

[Cited in Re McNab & H. Manuf'g Co., Case No. 8,906.]

4. On the question whether the composition being in other respects fair and just, the debtor should be allowed to keep his property, the principal element is his personal and business character.

5. The question as to the time within which, and how rapidly, the debtor can pay the composition is one for the creditors to consider, and their judgment will not be reversed, unless valid reasons for so doing are shown.

[In the matter of Samuel Wilson and Thomas Greig, bankrupts.]

G. A. Seixas and W. B. Winterton, for the motion.

B. F. Foster, Foster & Adams, and A. Blumensteil, contra.

CHOATE, District Judge. This is a motion for the confirmation of a composition. There has been no adjudication, and the proceeding is upon creditors' petition. Thirty-four creditors out of forty-six have voted in favor of the composition. Two creditors oppose the composition. Their debts amount to about thirteen thousand dollars. The creditors who have voted for it represent about seventy-six thousand dollars of debts. The total debts are ninety-five thousand dollars.

Several objections are urged.

1. It is objected that one of the debtors (Greig), though present at the first meeting, was, by a vote of the creditors present, excused from examination on account of illness. The

1 [Reprinted by permission.]

statute provides: "The debtor, unless prevented by sickness, or other cause satisfactory to such meeting, shall be present at the same, and shall answer any inquiries made of him." It is now insisted that, though the creditors may excuse his attendance, they cannot excuse his answering questions, if present, though disabled by sickness. Mr. Greig's inability to proceed with the examination fully appeared. It is claimed that this is a fatal irregularity. This objection is frivolous. The statute is clearly broad enough to sustain the action of the creditors in this respect.

2. The composition proposed and accepted was thirty-five cents on the dollar in the debtors' promissory notes at three, six, nine, twelve, and fifteen months from the date of the order of confirmation, each for seven cents on the dollar. It provided that the injunction restraining the debtors from disposing of their property should be vacated; that "in all other respects the proceedings in bankruptcy shall remain as they are now, and shall be deemed to be pending until the composition is completed, for the purpose of any application which the creditors, or any of them, may see fit to make upon the default of the debtors in the payment of any of the composition notes;" that upon payment of said notes the proceedings should be discontinued. It contained also the following clause: "And for the purpose of better securing the payment of the several instalments of composition according to the tenor of the preceding resolutions, we do hereby farther resolve that James W. Jones, of the city of New York, be appointed custodian and special receiver of all the property and estate of the debtors. * * * And we do hereby request his appointment by this court as such receiver, provided, however, that such appointment shall be made subject to this limitation and restriction, that said Jones shall not take any of said property into his custody or possession until the said alleged bankrupts shall have defaulted in the payment of their composition notes, or any of them." The resolution then goes on to require a bond in ten thousand dollars from Mr. Jones, with sureties to be approved by the court, to secure the faithful performance of his duties as receiver. It is objected to this composition that it is fatally indefinite; that the security provided for is not certain in its character; that Jones as receiver or trustee would be obliged only to pay such sum as he should realize from the assets; that the provision for a receivership does not really secure the thirty-five per cent. This objection cannot be sustained. The terms of the composition are definite and certain; thirty-five per cent. in money secured by the promissory note of the debtors. The further provision for a receivership in a certain case is not of the substance of the composition. It is simply a request for certain action to be taken by the court in case of default. It may or may not be acted on without affecting in any way the composition. Even, however, if it were regarded as something to which the creditors were certainly entitled, it is not obnoxious to

the objection of uncertainty. If Jones should be appointed receiver in precisely the form prescribed in the resolutions, his powers and duties as such receiver would be well defined and certain. The fact, if it be so, that security provided for a composition does not certainly secure the full payment of the composition, does not make the composition uncertain. It may make the security or the composition notes less valuable than they would be if fully and beyond all question collaterally secured. The case of In re Reiman [Case No. 11,673], cited in support of this objection, is not in point. There the composition notes were to be "satisfactorily endorsed," without providing by whom they were to be endorsed, or how or by whom it was to be determined whether the endorsement was "satisfactory." This was of the very substance of the composition, and very properly it was held to be too indefinite. The difference between the two cases is too clear to need further comment.

3. But the principal objection taken is, that this composition is not for the best interests of creditors, because under it the whole property of the debtors is surrendered to them, and nothing is given to the creditors except promises to pay thirty-five cents on the dollar, with no security whatever, except the debtors' promises. Neither the language of the bankrupt law, nor the construction that has been put upon it by the courts, prevents the acceptance of a composition merely because the assets are still in the possession of the debtor, or are restored to him by the terms of the composition, and the composition is wholly promissory in its character and without security. See In re Van Auken [Case No. 16,828]; Ex parte Hamlin [Id. 5,993]. The court must be satisfied that it is "for the best interest of all concerned." Rev. St. § 5103 A. The circumstance, therefore, that there is no security given for the payment of the composition notes is merely one of the facts in the case to be considered with, and in the light of all the other facts on the question to be determined, whether the composition is for the best interests of all concerned. In Van Auken's Case above cited, it was said that the arrangement must be "judicious and reasonably safe to all the creditors." In this case it does not appear, nor is it urged, that the debtors are not proper persons, in character and business ability, to manage their own affairs, except so far as such incapacity may be necessarily inferred from their present insolvency, and there is no evidence impeaching their integrity. The overwhelming vote of the creditors that it is for their best interests that the debtors should continue to manage and dispose of their stock of goods, and go on with business in order to enable them to pay the promised composition, deserves very great weight with the court on this question.

It does not appear that the debtors are able to give any security except upon their stock of goods. To mortgage or pledge this might seriously impair their ability to realize on it, and to pay the composition. It is not claimed that

more than sixty-five cents on the dollar could be realized on the property of the debtors if wound up in bankruptcy. It is urged that the creditors are giving up sixty-five per cent., and getting nothing for it; that, therefore, the creditors are getting no equivalent for what they surrender, and that such an arrangement cannot be for their best interests, however it may be as to the best interests of the debtors. But it is not true that the creditors are giving up the sixty-five per cent. That is irrecoverably gone already. The debtors are admitted to be insolvent with assets insufficient to pay more than thirty-five cents on the dollar. What the creditors are giving up, or rather what is taken from them by this composition, is the right to have those assets administered by an assignee in bankruptcy, instead of being administered by the debtors themselves for the purpose of realizing their value. It cannot be said either that the creditors do not get any advantage by the composition besides that of having the debtors administer the estate, if that is one, as from the action of the creditors it may be inferred that the large majority of them believe it to be. For a possibility of dividends uncertain in amount and time of payment, but very certainly not worth more than thirty-five cents on the dollar, represented in their hands by dishonored notes, they get paper for all that their claims are worth in a form in which they can negotiate and use it in their business, and with a reasonable certainty that it will be paid at maturity because backed up by property in the possession of the makers. Thus the composition, if reasonably safe and judicious in what the debtors undertake to do, and fair in amount, is for the best interest of creditors in that it gives them liquidated and negotiable promises in place of unliquidated and unmerchantable claims.

On the question whether, the composition being in other respects fair and just, the debtors should be allowed to keep their property, the principal element is their personal and business character, and on this point I am entirely satisfied. In case of default either by the mode suggested by the creditors or by the issue of a warrant and the appointment of an assignee, the creditors still have the security of the assets. I think the composition is for the best interests of all concerned, and this objection of want of security is in this case not sustained.

4. It is also objected that there is unreasonable delay in this case, the debtors having fifteen months to pay thirty-five per cent.; whereas, it is said that the greater part of the value of the assets could be realized by an immediate sale. It was a question for the creditors to consider within what time and how rapidly the debtors could pay the composition, and I see no reason to reverse their judgment. As to an immediate sale, that may well have been thought unwise, and likely to defeat the purpose in view, of enabling the debtors to go on with their business in order to pay the stipulated composition.

5. The objection that this being an involuntary case, and there being no adjudication, the proceedings may be at any time discontinued on the motion of the petitioning creditors, and thus the court be left powerless to enforce the composition in case of default, is not well founded. It is based on an imaginary danger. Objections overruled, and composition confirmed.

[On review in the circuit court, the views of this court were affirmed. Case No. 17,781.]